# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Thomas, Appellant, *v.* Hill Top Section of the German Beneficial Union.

*Contracts—Defenses — Receipt — Payment "on account of contract in full"—Acquittance—Dispute — Consideration — Case for jury.*

1. The acceptance of a smaller sum in payment of a larger amount presently due is no bar to an action for the balance, unless in settlement of a dispute, as consideration therefor.

2. In an action on a building contract and for extras furnished in connection therewith, the defense was that plaintiff had been paid in full by direct payments to him and through the payment of bills of third parties for liabilities incurred by him. At the trial there was a conflict in the evidence concerning the alleged payments to persons other than plaintiff, on the latter's account, and defendant largely relied upon a receipt or voucher, endorsed by plaintiff, reading, "The treasurer of [defendant] will please pay [plaintiff], or order......on account of contract in full." The trial judge ruled that in view of the circumstances and considering the lapse of time (over five years) since the building was completed and the voucher endorsed, such receipt was conclusive evidence of a complete settlement. The action was brought within the statutory period. *Held,* (1) there was not sufficient evidence to show a dispute between the parties at the time the voucher was signed, (2) there was not sufficient evidence that the sum represented by the voucher was expressly tendered or accepted on the basis of a settlement in full, (3) the phraseology of the voucher was too vague to be considered, as a matter of law, as a complete acquittance, and (4) the lower court erred in directing a verdict for the defendant.

Argued Oct. 16, 1917.    Appeal, No. 148, Oct. T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Sept. T., 1911, No. 98, on directed verdict for defendant in case of William Thomas v. Hill Top Section of the German Beneficial Union.    Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Reversed.

Assumpsit on building contract.    Before SHAFER, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court directed a verdict for the defendant. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*John A. Metz,* with him *Wm. C. McClure,* for appellant.—The acceptance of a smaller sum in payment of a larger amount presently due is without consideration and is not a bar to an action to recover the balance: Brush Hat Manufacture Co. v. Abeles, 45 Pa. Superior Ct. 243; Hendrick v. Thomas, 106 Pa. 327.

*R. S. Martin,* for appellee.—The acceptance and cashing of the final voucher by plaintiff operated as a final settlement: Bernstein v. Hirsch, 33 Pa. Superior Ct. 87.

OPINION BY MR. JUSTICE MOSCHZISKER, January 7, 1918:

The plaintiff sued to recover the balance due on a building contract and for extras furnished in and about the erection of a certain structure for the defendant corporation; the trial court directed a verdict for defendant, which was rendered accordingly, and judgment was entered thereon; plaintiff has appealed.

The defendant admitted the stipulated price of $26,-000, $1,501 of extras, the completion of the building in accordance with the contract, and its acceptance; but

contended that plaintiff had been paid in full, (1) by
direct payments to him, (2) through the payment of bills
of third parties for liabilities incurred by him, and (3)
by a final payment to plaintiff, "on August 2, 1906,......
of $57.27......, in full of all demands due him for all
work and material done and furnished by him to or on
account of the building mentioned in said contract."

At trial, there was a conflict in the evidence concern-
ing the alleged payments to persons other than plaintiff,
on the latter's account, but to show payment in full de-
fendant produced, and largely relied upon, a receipt or
voucher, endorsed by plaintiff, dated August 2, 1906,
reading, "The treasurer of Hill Top Section, J. P. Au-
gustine, will please pay Wm. Thomas, Cont., or order,
fifty-seven 27/100 dollars on account of contract in full,"
and signed by the president and secretary of the defend-
ant corporation.   The trial judge ruled that, in view of
all the circumstances, and considering the lapse of time
since the building was completed and this voucher en-
dorsed, that document must be accepted as conclusive
evidence of a complete settlement, which barred the
claim in suit.

We cannot agree with the conclusion reached by the
learned court below.   The action was brought within
the statutory period, and there was not sufficient evi-
dence to show a dispute between the parties, at the time
the voucher was signed, as to the amount of plaintiff's
claim, which would take the case at bar out of the estab-
lished general rule that the acceptance of a smaller sum
in payment of a larger amount presently due is no bar to
an action for the balance; nor was the undisputed evi-
dence sufficient to prove a settlement in full, or that the
sum represented by the voucher was expressly tendered
or accepted on that basis; finally, the phraseology of the
document in question—"on account of contract in full"
—is too vague to be construed, in law, as a complete ac-
quittance.

What we have already written covers the only point

called to our attention by the statement of "the question involved," hence it is not necessary to pass specifically upon each of the nine assignments of error; the eighth, which complains because the court below peremptorily directed a verdict for defendant, is sustained, and the judgment is reversed with a venire facias de novo.